■ KEVIN McCARTHY, Respondent, v VOLKSWAGEN OF AMERICA, INC., et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Richmond County, dated January 17, 1980, which denied their motions to dismiss plaintiff's action as time barred. Order reversed, on the law and the facts, without costs or disbursements, motions granted and action dismissed. On July 26, 1974 plaintiff was involved in an automobile accident, when the 1965 Volkswagen he was operating allegedly spun out of control and struck a utility pole. As a result thereof, on September 28, 1978, plaintiff initiated the instant action by service of a summons on defendant Volkswagen of America, Inc. The action was commenced against defendant Volkswagenwerk Aktiengesellschaft on February 5, 1979. Thereafter, the defendants moved for dismissal of the action on the ground that the asserted claims were time barred under CPLR 214. Plaintiff answered that the three-year Statute of Limitations applicable herein was tolled, pursuant to CPLR 208, in that during the period between the accident and the commencement of this suit plaintiff had been under the disability of insanity. Plaintiff claimed that his accident had caused psychological scarring that had resulted in a mental disorder which had prevented him from comprehending his legal rights. Special Term, after a hearing, found that plaintiff had been insane within the meaning of CPLR 208, and consequently concluded that the Statute of Limitations contained in CPLR 214 was tolled, rendering the instant action timely. Special Term erred in making this finding. The record contains sufficient evidence to prove that at least since February, 1975, plaintiff was able to manage his business affairs and estate, and to comprehend his own legal rights and liabilities. After his release from the hospital in October, 1974 plaintiff decided to apply for admission to college. He was accepted and began attending classes in February, 1975, taking courses in law, history, English, and science, for a total of about 15 credits. Plaintiff maintained A and B averages in all his courses. At the end of the summer of 1975, plaintiff began participating in athletics again and in early 1977 became involved in competitive sports. Sometime after the subject accident, plaintiff returned to his job as a stock clerk at a supermarket, and, in December, 1977, upon the advice of friends, he consulted an attorney with regard to initiating this and another lawsuit. In light of this history, it cannot be said that after February, 1975 plaintiff was suffering from a temporary mental incapacity which prevented him from understanding or protecting his legal rights. Damiani, J. P., Lazer, Mangano and Cohalan, JJ., concur.